## ACOSTA *v.* THE PEOPLE.

### APPEAL from the District Court of Mayagüez.

No. 78.—Decided June 18, 1907.

Decided on the same grounds as case No. 79, *Ex Parte Hernández* (12 P. R. Rep., p. 1).

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

Manuel Acosta, of legal age, a landowner and resident of Cabo Rojo, instituted proceedings in the District Court of Mayagüez to establish the ownership of a rural estate which he alleged he possessed as owner, and which he described as follows:

"A rural estate, consisting of 144 *cuerdas* of land, equivalent to 58 *hectares,* 74 *ares,* 89 *centares,* 76 *miliares,* partly in pasture and partly uncleared, situated in *barrio* 'Llanos Costa', within the Municipal District of Cabo Rojo, Judicial District of Mayagüez; adjoining on the north lands of Ramón Quiñones and others of Ramón Carrastafú; on the south, lands belonging to Dr. Pablo Hernández y Pérez and Reyes Acosta; on the east, lands of Cayeta Acosta and other lands belonging to Angela Luciano; and on the west, lands belonging to Benito Avilés and other lands belonging to Concepción Acosta."

In the petition in which he offered evidence the petitioner stated that the foregoing estate is valued at $1,726; that he acquired it by purchase from Juana González Acosta in the year 1898, who in turn had obtained it by inheritance from her parents, Fulgencio González and María Isaias Acosta, 23 years ago—that is to say, that she acquired it in the year 1883—since which date, until she sold it to the petitioner the said vendor, Juana González Acosta had been in the quiet and peaceful possession thereof as the absolute owner of

the same; that said estate is not subject to any lien or charge whatsoever, and that having no written title of ownership thereto he institutes these proceedings and offers the proper proof to establish the facts alleged, and prays the court to allow the petition and order the publication of notices for the legal period; and after the legal formalities, to make an order to the effect that the ownership of the estate described has been established in his favor, with the consequent further orders.

The *fiscal* of the District Court of Mayagüez contested these proceedings on the ground that the estate had not been described in accordance with the second subdivision of article 63 of the Regulations for the execution of the Mortgage Law, thus violating the provisions of Rule I, article 9, of said law.

The evidence having been heard in the District Court of Mayagüez, the latter rendered judgment on September 17, 1906, deciding that the law and the facts were in favor of the petitioner, and consequently holding that the ownership of the estate described had been established in favor of the petitioner, Manuel Acosta, and directing that upon this judgment becoming final the proper certified copy thereof issue for the purposes of its record in the registry.

An appeal was taken from the foregoing judgment by the *fiscal* of the District Court of Mayagüez to this Supreme Court, which appeal was sustained by the *fiscal* of this Supreme Court.

In his opposition to these proceedings to establish ownership the *fiscal* makes the same objections which he formulated in the case of Agustín Hernández Mena, decided by this court on January 17 of the present year; and upon the grounds which served as a basis for the decision of this court in said case we recommend that the decision rendered by the District Court of Mayagüez on September 17, 1906, from which this appeal was taken, be affirmed, without any special taxation of costs.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.